### STATE ex DICKINSON v McCLELLAND, Judge

Ohio Appeals, 2nd Dist, Franklin Co

No 3324. Decided April 21, 1941.

Howard T. Mitchell, for plaintiff and relator.

Stuart R. Bolin, Columbus, Guardian for Annie Burgy.

C. P. McClelland, Probate Judge, Columbus, for himself.

## OPINION

BY THE COURT:

This is an action in mandamus wherein the relator prays that the writ be issued to the respondent directing him to permit relator to file a motion which is attached to the petition, in the Probate Court of Franklin County, Ohio, in the estate of Annie Burgy, an incompetent person. We shall not at length set out the pleadings nor discuss the evidence in this case but make only such observations as are essen-tial to the judgment of this Court.

The principle upon which we rest our decision is announced and stressed in the recent case of **State ex Apple v Pence et, 137 Oh St 569,** namely, that it is the obligation of a court in a mandamus suit to take into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ.

At this time, and when this cause was submitted to the court, it develops that on January 16, 1941, the Probate Court made an order which was journalized on the 20th of January in which the relator was denied allowance for ordinary and extraordinary compensation and fixed a penalty, the amount of which she was required to pay to the estate.

From this action of the trial court the relator has the right to prosecute appeal and to have the validity of the order determined.

If, then, this court should grant the writ prayed in this suit its ultimate effect, to have any benefit to the relator, would be to make possible a judgment in the Probate Court in conflict with that heretofore made by that court respecting relator's fees in the guardianship matter. Such a proceeding would, at least, be irregular and probably invalid. It is evident that mandamus should not be granted to the relator in the situation heretofore set forth and we so determine. The entry in this case will be drawn upon the foregoing pronouncement and we do not consider the mandamus case on its merits. This will leave unaffected the right of relator to prosecute appeal from the judgment of the Probate Court affecting her rights which might not obtain if we considered and passed upon the merits of the cause.

We, however, make the following observation respecting the averment. No. VI, of the petition of the relator, which is,

"That said Probate of Franklin County, State of Ohio, had previously re-

quested and ordered said relator herein to prepare an accounting in the said estate of Annie Burgy but since her civil rights have been and now are in question and since the said relator lost her presence of mind and bearing, she was incapable of filing said account;

"That because of the aforesaid, said relator was incapable of being both client and attorney in the same cause of action and for that reason sought legal counsel to represent the said relator to file said pleadings, application. and account in the estate of Annie Burgy;

"That since the Probate Court of Franklin County had requested said relator to prepare said accounting, that the said relator had steadfastly and earnestly sought legal counsel to prepare the same for her but failed to do so up to and including the 14th day of January, 1941; that upon the 14th day of January, 1941, the relator succeeded in retaining counsel, to-wit, Howard T. Mitchell who forthwith prepared and executed for filing said papers in the Probate Court of Franklin County as heretofore requested and alleged in the case of the estate of Annie Burgy except said accounting."

The answer of respondent is a general denial of the aforesaid averments of the petition.

The allegations quoted and denied, made a material issue in this case as to which the burden was upon relator.

It appears, and is not denied that the rule day within which relator should file her amended inventory and amended account was with her consent fixed on or before noon on December 16, 1940. The motion which was refused filing and which we are asked to require the Probate Judge to to file was tendered after the relator was in default under the rule fixed by the court. If mandamus is the proper remedy in this case, it is material and essential to the granting of the relief to the plaintiff that she establish a clear right to file her motion out of rule. This is recognized in the petition and to meet this requisite, the plaintiff makes the assertions heretofore quoted.

But there is no proof whatever in the record to support all or any part of the averments.

Relator is an attorney at law and is presumed to be qualified to prepare an amended account and amended inventory. We can not assume that she was under such stress when rule day was fixed that she did not comprehend her rights nor may we presume that if relator needed other counsel, she did not and could not secure him in time to comply with the order of the court nor that she was unable to secure any attorney until she had employed present counsel. All of these matters were susceptible of proof and the state of the pleadings required that they be established but they are not forthcoming.

Unless it can be determined that there was merit in the claim of the relator that she should be given the right to file her motion, she could not be prejudiced by the refusal of the court to accept it. The record does not support, in any particular, the burden as to averment No. VI, which relator assumed by the pleadings and which properly is placed upon her as the basis, in part, for the writ prayed.

There is a further observation to be made respecting the act of the Probate Court in directing his Chief Deputy not to receive the motion appended to relator's petition.

It is unfortunate that the respondent did not carry this order into an entry because a court speaks only through its entries. If it had been reduced to writing there would be no question that it was a court order, or about its express terms. Upon the oral statements of the Chief Deputy and the Probate Judge there is uncertainty whether or not the order of the Probate Judge expressly excluded the filing of the motion here under consideration.

On the 15th day of January, 1941, relator on two occasions, first, through a messenger from her office and, secondly, by her attorney, proffered a motion, which is before us, to the filing clerk in the office of the Probate Judge, the filing of both of which motions was refused. Mr. Eberly, Chief Deputy of

**432**

the Probate Court, announced as the reason for the refusal to accept the motion for filing that the Probate Judge had, in substance, instructed him not to receive the motion.

The testimony of respondent is to the effect that in refusing to receive and file the motions, his deputy acted upon and in accordance with his express order.

At the time the motion was tendered for filing the rule day fixed by the court within which the amended inventory and amended account could be filed had elapsed. So that, the only appropriate legal procedure was to file a motion with the court for leave to file an amended inventory and account. This is the import of the motion which is before us.

The basis of the refusal to file the motion, if journalized, is the act of the Probate Judge. This was a judicial act and in making it the Judge acted judicially by refusing to file the motion. This action has for its purpose to compel the Probate Judge to file the motion. So that, the effect of the writ in this court, if granted, is to require the Judge not alone to act, but to act in a different manner. This is not the purpose of the writ of mandamus and it cannot be so employed.

In this situation, if carried into court order, mandamus is not the appropriate remedy and if the court acted erroneously in refusing to accept and file the motion, it should be corrected by error proceedings.

Writ denied.

BARNES and HORNBECK, JJ., concur. GEIGER, PJ., concurs in judgment.